UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL ROOFERS UNION AND EMPLOYERS JOINT HEALTH AND WELFARE FUND; NATIONAL ROOFING INDUSTRY PENSION FUND; AND ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND** | CIVIL ACTION NO.  SECTION NO.  JUDGE: |

**versus**

**PELLERIN & WALLACE, INC.**

## COMPLAINT

### FOR BREACH OF LABOR AGREEMENT AND COLLECTION OF DELINQUENT CONTRIBUTIONS

Through undersigned counsel, come Plaintiffs, National Roofers Union and Employer Joint Health and Welfare Fund, National Roofing Industry Pension Fund, and Waterproofers Research and Education Joint Trust Fund who bring this complaint against Pellerin & Wallace, Inc., for collection of delinquent contributions.

1.

This action is brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145, and §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

2.

Subject matter jurisdiction over this complaint is conferred on this Court by 28 U.S.C. §§1331 and 1367; §502(e) of ERISA; and 29 U.S.C. §§1132(e); and by §301(c) of the LMRA, 29

1

U.S.C. §185(c). All state law claims are attached to the federal causes of action via supplemental or pendant jurisdiction.

3.

This Court has personal jurisdiction over the Defendant under §§502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(c).

4.

Venue is proper in the Middle District of Louisiana, where the breach took place, and where the Defendant resides under §502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(a).

5.

Plaintiff, NATIONAL ROOFERS UNION AND EMPLOYERS JOINT HEALTH AND WELFARE FUND ("Welfare Fund") is an "employee welfare benefit plan" as defined in §3(1) of ERISA, as amended, 29 U.S.C. §1002(1), established by the National Roofers Union and Employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing medical benefits to employees. The Welfare Fund is authorized to sue in its own name by §502(d) (1) of ERISA, 29 U.S.C. §1132(d) (1). The Welfare Fund is administered in Bloomington, Minnesota.

6.

Plaintiff, NATIONAL ROOFING INDUSTRY PENSION FUND ("Pension Fund"), is an "employee pension benefit plan" as defined in §3(2) (A) (i) of ERISA, as amended, 29 U.S.C. §1002(2) (A) (i), established by the National Roofers Unions and employers in an industry affecting commerce, whose employees are represented by those unions, for the purposes of providing retirement income to the employees. The Pension Fund is authorized to sue in its own name by

§502(d) (1) of ERISA, 29 U.S.C. §1132(d) (1). The Pension Fund is administered in Bloomington, Minnesota.

7.

Plaintiff, ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND ("Education Trust") is an employee welfare benefit fund within the meaning of 29 U.S.C. §1002(1), having been organized pursuant to 29 U.S.C. §186(c)(6).

8.

Defendant, PELLERIN & WALLACE, INC. is a Louisiana Corporation. It has been at all material times an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §§152(2) and 1002(5). It has at all material times been engaged as a contractor or subcontractor in the industry of commercial and industrial sheet metal and roofing, and as such, has been and continues to be an employer in the "industry affecting commerce" as defined in §3(12) of ERISA, and 29 U.S.C. §1002(12). It is domiciled and does business out of an office and facility located in Lafayette, Louisiana. Pellerin and Wallace, Inc. may be served by delivering a copy of the summons to its Registered Agent Andrus J. Pellerin, 441 Industrial Parkway, Lafayette, LA 70508.

9.

On December 1, 2009, and again on January 14, 2013, Harris Baudoin, General Manager for Pellerin and Wallace, Inc., entered his company into a Pre-hire Agreement between United Union of Roofers, Waterproofers and Allied Local 317 and the Baton Rouge Roofing and Sheet Metal Contractors Association, Inc.

3

10.

As a party to this Agreement, Pellerin and Wallace, Inc. is bound by the Plan and Declaration of Trusts and all rules and regulations covering the Welfare Fund and Pension Fund.

11.

In addition, Pellerin and Wallace, Inc. agreed to be bound by the Agreements and Declarations of Trust and Plan Documents of the Funds, which require Pellerin and Wallace, Inc. to pay fringe benefit contributions to the Trust Funds at an hourly rate for all Foremen, Journeymen and Apprentices. Pellerin and Wallace, Inc. is required to remit contributions and send monthly reports to the Trust Funds' Administrative Office on or before the tenth (10th) day following each successive work month.

12.

On July 24, 2015, Andrus Pellerin, President of Pellerin and Wallace, Inc., sent notice of his intent to terminate all Agreements with the Union effective January 1, 2016. In the notification letter, he stated that the "Union Employees have earned the allotted hours required and will receive retirement benefits upon their filing for same."

13.

The Funds have the right to engage in exit payroll audits of its signatory contractors to ensure past compliance with the terms of the labor agreements, Trust Documents, and the Funds' Payroll Audit Procedures.

14.

Pursuant to the terms of the Pre-hire Agreement and Trust Agreements, the Funds sought to perform an exit payroll compliance audit for Pellerin and Wallace, Inc. to be conducted covering the period from December 1, 2009 through March 31, 2016.

15.

The payroll audit revealed contributions were underpaid based on hours that were underreported. The total amount of delinquency is comprised of the following:

1. $247,346.84 in unpaid contributions, $121,059.91 in interest, and $24,346.84 in liquidated damages to the Welfare Fund, and

2. $112,971.98 in unpaid contributions, $54,739.78 in interest, and $11,297.20 in liquidated damages to the Pension Fund, and

3. $567.33 in unpaid contributions, $170.82 in interest, and $56.73 in liquidated damages to the Education Trust.

16.

The Funds are entitled to recover all costs incurred in exacting compliance under the Pre-hire Agreement, Plan Documents, and Trust Agreements, including the actual costs of the audit, attorneys' fees, and costs of the litigation.

17.

Pellerin and Wallace, Inc. is liable for unpaid contributions, accruing contributions, liquidated damages, interest, and costs in accordance with §§502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145 and §301 of the LMRA, 29 U.S.C. §185.

18.

A copy of this complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U.S.C. §1132(H).

**WHEREFORE**, the Plaintiffs pray that this Court deem this complaint sufficient and after a trial on the merits, find for the Plaintiffs granting the following in accordance with §§502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145 and §301 of the LMRA, 29 U.S.C. §185:

a) Payment of all unpaid contributions and accruing contributions owed to the Funds;

b) Payment of twelve percent (12%) per annum interest in accordance with the Pre-hire Agreement and the Funds' Procedures;

c) Payment of ten percent (10%) liquidated damages in accordance with ERISA, the Pre-hire Agreement, and the Funds' Procedures;

d) Awarding the Funds reasonable attorneys' fees and costs of the litigation, including all costs of the audit; and

e) Awarding the Funds any and all other legal or equitable relief to which they are entitled and that this Court deems appropriate.

Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC**

s**/ Julie Richard-Spencer**
Julie Richard-Spencer, T.A. (LA Bar No. 20340)
Laura K. Cline (LA Bar No. 37074)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone:  (504) 885-9994
Facsimile:   (504) 885-9969
Email:   jrichard@ruspclaw.com
Email:   lcline@ruspclaw.com

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVE:**

Pellerin and Wallace, Inc.
Through its Registered Agent:

Andrus J. Pellerin
441 Industrial Parkway
Lafayette, LA 70508